IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HANCOCK BANK, a Mississippi
banking corporation,
    Plaintiff/Judgment Creditor,

vs.                                        Case No.: 3:13cv622/MCR/EMT

THOMAS R. SYVERSON and
PATRICIA A. JONES,
    Defendants/Judgment Debtors,
_____/

## AMENDED REPORT AND RECOMMENDATION

This matter was referred to the undersigned by the district judge (*see* doc. 74). Plaintiff/Judgment Creditor Hancock Bank obtained writs of garnishment upon Garnishees Bank of America ("BOA"), Wells Fargo, Regions Bank, Coastal Bank and Trust, SunTrust, and Gulf Coast Community Bank (*see* docs. 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 52). BOA, Regions Bank, Coastal Bank and Trust, and SunTrust served answers to the writ, and those Garnishees, except Regions Bank, demanded attorneys' fees, pursuant to Florida Statutes § 77.28 (docs. 53, 54, 55, 56, 69, 70). Garnishees Wells Fargo and Gulf Coast Community Bank have not filed answers. Defendants/Judgment Debtors filed requests for hearings, asserting that the funds held by BOA, Regions Bank, and Wells Fargo are exempt from garnishment (docs. 63, 64, 65, 66, 67, 68). Plaintiff/Judgment Creditor's counsel received electronic notification of the claims of exemption and requests for hearing on February 12, 2015 (*see id.*). Plaintiff/Judgment Creditor filed traverses to Defendants/Judgment Debtors' claims of exemption (docs. 72, 73) and a Motion for Final Judgment in Garnishment on Confession of Garnishee Bank of America, objecting to Defendants' claims of exemption (doc. 71).

On March 9, 2015, the undersigned issued an order directing Defendants/Judgment Debtors to file a response to Plaintiff/Judgment Creditor's Motion for Final Judgment in Garnishment on

Confession of Garnishee Bank of America; however, prior to filing a response, the parties were directed to personally confer in a good-faith effort to resolve the issues in dispute (*see* doc. 75). Plaintiff/Judgment Creditor has now filed a motion to withdraw its objections to Defendants/Judgment Debtors' claims of exemption and its motion for final judgment (doc. 76).

Florida laws of garnishment, Florida Statutes § 77.01, *et seq.*, are appropriate remedies in this Court for securing satisfaction of final judgment. *See* Fed. R. Civ. P. 64. Florida law provides that upon the filing by a defendant/judgment debtor of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. Fla. Stat. § 77.01(3). However, if the plaintiff/judgment creditor does not file a sworn written statement that answers the defendant's claim of exemption within fourteen (14) business days from the date the claim of exemption and request for hearing were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. *Id.* Here, Plaintiff/Judgment Creditor withdrew its objections to the claims of exemption asserted as to Garnishees BOA, Regions Bank, and Wells Fargo. Therefore, the undersigned recommends that the clerk be directed to dissolve the writs of garnishment as to Garnishees BOA, Regions Bank, and Well Fargo. Additionally, because Plaintiff/Judgment Debtor did not reply to the answers filed by Garnishees SunTrust and Coastal Bank and Trust (*see* docs. 54, 56) within twenty (20) days from the date of filing the answers, Garnishees SunTrust and Coastal Bank and Trust are entitled to an order discharging them from further liability under the writ. *See* Fla. Stat. § 77.061.

Florida law further provides that upon issuance of any writ of garnishment, the party applying for it shall pay $100.00 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment, or part payment, of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ. Fla. Stat. § 77.28. Here, Garnishees BOA, SunTrust, and Coastal Bank and Trust demanded payment of the statutory allowance (*see* docs. 53, 54, 56, 69, 70). Plaintiff/Judgment Debtor made direct payments of the statutory fee to Garnishees BOA ($100.00), SunTrust ($200.00), and Coastal Bank and Trust ($200.00) (*see* doc. 78, Exhibits). Additionally, Plaintiff/Judgment Debtor deposited the $100.00 statutory fee with the court when it applied for each of the writs of garnishment (*see* docs. 10, 11, 16, 17, 49). Therefore,

Plaintiff/Judgment Debtor's request that the clerk refund $500.00 of deposited fees (*see id.*) should be granted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff/Judgment Debtor's motion to withdraw (doc. 76) be **GRANTED** and Plaintiff/Judgment Creditor's Motion for Final Judgment and related objections (docs. 72, 72, 73) be deemed **WITHDRAWN**.

2. That Defendants/Judgment Debtors' requests for hearing (docs. 63, 64, 65, 66, 67, 68) be **DENIED AS MOOT**.

3. That the writs of garnishment issued as to Garnishees Bank of America, Regions Bank, and Wells Fargo (docs. 26, 27, 32, 33, 51, 52) be **DISSOLVED**.

4. That Garnishees SunTrust and Coastal Bank and Trust be **DISCHARGED** from further liability under the writs of garnishment issued as to them (docs. 38, 39, 44, 45).

5. That the clerk of court be directed to refund to Plaintiff/Judgment Debtor the deposits for the writs of garnishment issued to Garnishees Bank of America, Coastal Bank and Trust, and SunTrust Bank (*see* docs. 10, 11, 16, 17, 49), for a total amount of $500.00.

At Pensacola, Florida, this 25th day of March 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**